IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEBORAH CURTIS, an individual**,<br><br>    **Plaintiff**,<br><br>  **v.**<br><br>**OPTION ONE MORTGAGE CORP., a suspended California corporation, and DOES 1 though 50 inclusive**,<br><br>    **Defendant.** | **1:09-CV-1982 AWI SMS**<br><br>**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS**<br><br>**(Documents #8, #12, & #14)** |

## BACKGROUND

On July 22, 2009, Plaintiff filed a complaint in the Superior Court of the State of California, County of Stanislaus.  On November 10, 2009, Defendant removed the complaint to the Eastern District of California, Fresno Division, because this court has federal question jurisdiction over the complaint pursuant to 28 U.S.C. § 1331.

The July 22, 2009 complaint ("complaint") contains four causes of action:  (1) A violation of the Truth in Lending Act ("TILA") for Defendant's alleged understatement of Plaintiff's Annual Percentage Rate and Plaintiff's Finance Charges.  Plaintiff seeks rescission and damages.  (2) Breach of Fiduciary Duty for Defendant's failure to make full and accurate disclosures of the loans and failure to act in Plaintiff's best interest.  (3) A violation of California Civil Code § 2923.5 for Defendant's failure to explore Plaintiff's options to avoid foreclosure.  (4) An Injunction to enjoin Defendant from commencing with a trustee's sale on

Plaintiff's property.

On November 19, 2009, Defendant Sand Canyon Corporation, sued as Option One Mortgage Corporation, filed a motion to dismiss the complaint. On December 7, 2009, American Home Mortgage Servicing Inc. filed a motion to dismiss.[1]

## LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. Marceau v. Balckfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The court must also assume that general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004). However, the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Although legal conclusions may provide the framework of a complaint, they are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

---

[1] This motion appears to be unnecessary as American Home Mortgage Servicing, Inc. is not named as a Defendant in the July 22, 2009 complaint.

2

> 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

**JUDICIAL NOTICE**

In deciding whether to dismiss a claim under Rule 12(b)(6), the court is generally limited to reviewing only the complaint, but the court may review materials which are properly submitted

3

as part of the complaint and may take judicial notice of public records outside the pleadings.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  Further, under the "incorporation by reference" doctrine, courts may review documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading."  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lapidus v. Hecht, 232 F.3d 679, 682 (9th Cir. 2000).  The "incorporation by reference" doctrine also applies "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."  Knievel, 393 F.3d at 1076 (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998)).

"In deciding whether to dismiss a claim under Fed.R.Civ.P. 12(b)(6), a court may look beyond plaintiff's complaint to matters of public record."  Shaw v. Hahn, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995).  Thus, the court will take judicial notice of the deed of trust concerning the property at issue in this action and other records concerning the deed of trust and the property's title.

**ALLEGED FACTS**

This action concerns properties located at 2585 Carriage Court, Turlock, and 1634 Arlington Court, Turlock, both of which are located in the County of Stanislaus, State of California.

The complaint alleges that on or about November 2006, Plaintiff approached Defendant in regards to refinancing[2] the property at 1634 Arlington Court, Turlock.   Defendant represented it could provide a fixed rate loan with low monthly payments based upon Plaintiff's income.

---

[2] The complaint contains in consistent allegations on whether Plaintiff was purchasing the property or refinancing the property.

4

Plaintiff agreed to purchase the property at 1634 Arlington Court, Turlock.

The complaint alleges that during the loan process, Defendant deceptively and fraudulently understated the Annual Percentage Rate (APR) by 2.358%, the finance charge and total payments by $315,633.03 and the payments schedule listed three payment changes instead of six payment changes. The complaint alleges that Plaintiff's income was falsified and the property value grossly overstated. The complaint alleges that "on or about December 20, 2009 [sic.], unaware of Defendant's deceptive and fraudulent actions, Plaintiff executed the refinance."

The complaint alleges that, less than a month later, Defendant approached Plaintiff about purchasing[3] a second property, 2585 Carriage Court, Turlock, CA 95382, to be used as Plaintiff's primary residence. The complaint alleges since Plaintiff was unaware of Defendant's deception and fraudulent actions regarding the first refinance, Plaintiff agreed to purchase 2585 Carriage Court, Turlock, CA 95382.

The complaint alleges that Defendant deceptively and fraudulently understated the Annual Percentage Rate by .252%, the finance charge and total payments by $147,309.67, and the payments schedule misstated Plaintiff's payment amounts. In addition, the complaint Plaintiff's income was falsified, and the property value grossly overstated.

The complaint alleges on or about February 1, 2007, unaware of Defendant's deceptive and fraudulent actions, Plaintiff executed the refinance.

The complaint alleges that on or about October 2008, in attempting to modify the refinance loans, Plaintiff discovered that Defendant had under disclosed Plaintiff's APR and financed an amount in a blatant violation of the Federal Truth in Lending Act (TILA).

The complaint alleges that Plaintiff brought this discrepancy to Defendant's attention in an attempt to modify the loans instead of having to institute her right to rescission. The complaint alleges Defendant refused to modify the loans with more favorable terms.

---

[3] The complaint contains inconsistent allegations regarding whether the property was purchased or refinanced.

5

1                                    **DISCUSSION**

2 **I.  VIOLATION OF 15 U.S.C. § 1601 –  TILA**

3          Plaintiff contends that Defendant violated TILA by understating Plaintiff's APR and by
4 understating Plaintiff's finance charges on the loan.   Plaintiff contends that she now exercises her
5 right to rescission pursuant to 15 U.S.C.§ 1635(b) due to Defendant' breach.   Plaintiff also
6 contends that she has been damaged by Defendant's wrongful actions and seeks costs and
7 reasonable attorney's fees.

8          "The purpose of the TILA is to ensure that users of consumer credit are informed as to the
9 terms on which credit is offered them." Jones v. E*Trade Mortg. Corp., 397 F.3d 810, 812 (9th
10 Cir. 2005); see also 15 U.S.C. § 1601.  "TILA was enacted in 1968 'to assure a meaningful
11 disclosure of credit terms so that the consumer will be able to compare more readily the various
12 credit terms available to him and avoid the uninformed use of credit." Yamamoto v. Bank of New
13 York, 329 F.3d 1167, 1170 (9th Cir. 2003).   The TILA requires creditors to "clearly and
14 conspicuously disclose" borrowers' rights to rescind a home mortgage loan in accordance with
15 regulations of the Federal Reserve Board. Jones, 397 F.3d at 812.  TILA "requires creditors to
16 provide borrowers with clear and accurate disclosures of terms dealing with things like finance
17 charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed.
18 Bank, 523 U.S. 410, 412 (1998).  The failure to satisfy TILA's requirements subjects a lender to
19 "statutory and actual damages [that are] traceable to a lender's failure to make the requisite
20 disclosures." Id. (citing 15 U.S.C. §1640).

21 **A. Rescission - Ability to Tender**

22          Plaintiff alleges that she is entitled to rescission of her loan because Defendant failed to
23 provide accurate material disclosures.   Defendant contends this claim must be dismissed because
24 Plaintiff has failed to allege her ability to tender the amount of the loan.

25          The purpose of rescission under TILA is to return both parties to the status quo.
26 Yamamoto, 329 F.3d at 1172.  Title 15 U.S.C. § 1635(b) provides that:

27

28                                          6

> When an obligor exercises his right to rescind . . . .under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. ***Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor.*** If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

15 U.S.C. 15 U.S.C. § 1635(b) (emphasis added).

Defendant contends that before ordering rescission, Plaintiff must allege Plaintiff's ability to repay the loan proceeds. See Yamamoto, 329 F.3d 1167 at 1171. The court agrees. Plaintiff cannot state a claim for rescission under TILA without at least *alleging* that she is financially capable of tendering the loan proceeds. See, e.g., Gonzalez v. First Franklin Loan Services, 2010 WL 144862, *5 (E.D.Cal. 2010) (dismissing without leave to amend plaintiff's claim for rescission under TILA because Plaintiff conceded she did not have ability to tender); Avina v. BNC Mortg., 2009 WL 5215751, *2 (N.D.Cal. 2009) (claim for rescission under TILA is subject to dismissal at the pleading stage if the borrower fails to allege a present ability to tender the loan proceeds); Farmer v. Countrywide Financial Corp., 2009 WL 1530973, at *5 (C.D. Cal. 2009) (granting defendant's motion to dismiss because plaintiffs did not allege that they had tendered or were financially capable of tendering the loan's principal balance); Pagtalunan v. Reunion Mortgage Inc., 2009 WL 961995, at *3 (N.D. Cal. 2009) (dismissing TILA claim because plaintiffs did not allege that they would be willing to repay what they borrowed); Garza v. American Home Mortg., 2009 WL 188604, at *5 (E.D. Cal. 2009) (granting defendant's motion to dismiss TILA rescission claim in light of complaint's failure to allege ability to tender, since "[r]escission is an empty remedy without [plaintiff]'s ability to pay back what she has received.").

Thus, Plaintiff must be able to allege that she has tendered or is financially capable of tendering the principle of the loan minus the appropriate interest and fees or the rescission claim fails.

The complaint fails to sufficiently allege that Plaintiff is able to fulfill her obligations under 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d).  The court finds Plaintiff's allegation insufficient to have alleged tender in this case.  A complete ability to tender has not been adressed in the complaint.  Without such tender, Plaintiff may not seek to rescind the loan.  Rescission is an empty remedy without Plaintiff's ability to pay back what she has received.   As such, the complaint lacks a necessary element of Plaintiff's TILA rescission claim.   The court dismisses the TILA rescission claim with leave to amend to allege, subject to Rule 11(b) of the Federal Rules of Civil Procedure's requirements, that Plaintiff has the ability to tender and pay back what she has received.

**B.  Relief under TILA- Statutory Damages**

Plaintiff requests statutory damages for Defendant's alleged failure to comply with all necessary TILA disclosures provisions.  Defendant contends that Plaintiff's request for damages arising out of the original loan transaction is time-barred by 15 U.S.C. §1640(e) because Plaintiff did not file this action within one year.

There is a one-year statute of limitations period in which to file an action for damages under TILA.  See 15 U.S.C. § 1640(e); Beach, 523 U.S. at 412.  The one-year limitations period of 15 U.S.C. § 1640(e) runs from the date of consummation of the transaction.  "Consummation" is defined as "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13); Grimes v. New Century Mortg. Corp., 340 F.3d 1007, 1009 (9th Cir. 2003).

Plaintiff did not file this TILA action within one-year of the loan's closing.  The loans at issue were executed in late 2006 and early 2007.  This action was not filed until July 22, 2009.  Thus, Plaintiff filed this action beyond the one-year limitations period.  Dismissal is appropriate. See 15 U.S.C. § 164(e); Beach, 523 U.S. at 412; King, 784 F.2d at 915.

8

## II. BREACH OF FIDUCIARY DUTY

The second cause of action alleges breach of fiduciary duty. The complaint alleges that Defendant was engaged in a fiduciary relationship to Plaintiff and breached the fiduciary duties it owed Plaintiff. The complaint alleges a special relationship was created when Defendant accepted the trust and confidence Plaintiff placed in Defendant to advise her regarding the loan and its terms. The complaint alleges Defendant solicited and accepted Plaintiff's trust and confidence when it represented it would act in her best interest and was trustworthy and honest. The complaint alleges that Defendant breached its duty to Plaintiff by falsifying Plaintiff's income, failing to accurately disclose the APR, failing to accurately disclose the finance charges, failing to accurately disclose the payment amounts, falsifying the subject properties' appraisal value, and failing to provide Plaintiff with a good faith estimate.

Plaintiff's cause of action for breach of fiduciary duty fails because she cannot plausibly plead the existence of any fiduciary duty between herself and Defendant. A loan transaction is an arms-length transaction and there is no fiduciary relationship between the borrower and lender. Oaks Management Corp. v. Superior Court, 145 Cal.App.4th 453, 466 (2006); Union Bank v. Superior Court, 31 Cal.App.4th 573, 579 n. 2 (1995); Kim v. Sumitomo Bank, 17 Cal.App.4th 974, 979 (1993). In addition, a trustee under a deed of trust owe fiduciary duties to the borrower. Justo v. Indymac Bancorp, 2010 WL 623715, *6 (C.D.Cal. 2010); Abdallah v. United Savings Bank, 43 Cal.App.4th 1101, 1109 (1996); Miller and Starr CALIFORNIA REAL ESTATE § 10:4 (2010). Thus, the breach of fiduciary duty claim is subject to dismissal without leave to amend.

## III. VIOLATION OF CALIFORNIA CIVIL CODE § 2923

The third cause of action contends that Defendant has violated California Civil Code § 2923 because Defendant has failed to negotiate a loan modification with Plaintiff. The complaint alleges that Defendant did not provide Plaintiff with a good faith valuation regarding Plaintiff's options or offer a loan modification or workout plan in order to assist Plaintiff avoiding foreclosure.

**A. Section 2923.5**

It is possible that California Civil Code Section 2923.5 provides a borrower with a private cause of action. See Molina v. Washington Mut. Bank, 2010 WL 431439 at *10 n.4 (S.D.Cal. 2010); Sharma v. Provident Funding Associates, LP, 2010 WL 143473 at *2 (N.D.Cal. 2010). But see Yulaeva v. Greenpoint Mortg. Funding, Inc., 2009 WL 2880393, * 11 (E.D.Cal. 2009) (assuming without deciding that Section 2923.5 does not provide a private right of action). Regardless of whether a private right of action is available under Section 2923.5, the complaint fails to allege sufficient to state a cause of action for a violation of Section 2923.5.

Section 2923.5 requires the mortgagee, beneficiary, or authorized agent to contact the borrower in person or by telephone "in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ.Code § 2923.5(a)(2). In addition, the statute requires the Notice of Default to "include a declaration from the mortgagee, beneficiary, or authorized agent that it has contacted the borrower, tried with due diligence to contact the borrower as required by this section, or the borrower has surrendered the property to the mortgagee, trustee, beneficiary, or authorized agent." Cal.Civ.Code § 2923.5(b).

The statute only requires Defendant to have contacted or attempted to contact Plaintiff in a good faith effort to avoid foreclosure. The statute does not require Defendant to have negotiated with Plaintiff or explore other options with Plaintiff. Plaintiff does not allege in the complaint that Defendant failed to contact her or attempt to contact her before filing the Notice of Default. Such contact is all that is required by Section 2923.5.

Copes of the Notices of Default over which the court takes judicial notice provide evidence that attempts to contact Plaintiff were made as required by Section 2923.5. See Exhibit 2; Exhibit 7; Exhibit 12. The court has been given no reason to question the accuracy of the statements in the Notices of Default. In light of the statements in the Notices of Default and Plaintiff's lack of allegations to the contrary, Plaintiff cannot state a cause of action for violations of Section 2923.5. Thus, Plaintiff's claim under Section 2923.5 is dismissed with leave to

amend.

**B.  Section 2923.6**

It is possible that the third cause of action also alleges that Defendant's failure to provide Plaintiff with a good faith valuations regarding Plaintiff's options, offer loan modifications, or work out a plan in order to assist Plaintiff violated California Civil Code § Section 2923.6. Defendant contends that Section 2923.6 does not provide Plaintiff with a private cause of action. Section 2923.6 provides in relevant part:

> (a) The Legislature finds and declares that any duty servicers may have to maximize net present value under the pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:
> (1) The loan is in payment default, or payment default is reasonably foreseeable.
> (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.
> (b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification is consistent with its contractual or other authority.

Under California law, the adoption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute. Moradi-Shalal v. Fireman's Fund Ins. Companies, 46 Cal.3d 287, 294-95 (1988). "A statute creates a private right of action only if the enacting body so intended." Grodensky v. Artichoke Joe's Casino, 171 Cal.App.4th 1399, 1420 (2009).  If the Legislature intends to create a private cause of action it will do so directly, in clear, understandable, unmistakable terms.  Moradi-Shalal, 46 Cal.3d at 294-95  Plaintiff has not proffered any authority, and the court has found none, conclusively holding that Section 2923.6 creates a private right of action for borrowers such as Plaintiff.

The courts that have examined this issue have found that from its plain language, Section 2923.6 does not grant any right to a loan modification. Kuoha v. Equifirst Corp., 2009 WL 3248105 at *5 (S.D.Cal. 2009); Lopez v. Equifirst Corp., N 2009 WL 3233912 at *3 (E.D.Cal. 2009); Tapia v. Aurora Loan Servs., 2009 WL 2705853 at *2 (E.D.Cal. 2009);  Anaya v. Advisors Lending Group, 2009 WL 2424037 at * 8 (E.D.Cal. 2009); Farner v. Countrywide Home Loans,

11

2009 WL 189025 at *2 (S.D.Cal. 2009).  In addition, as numerous other district courts have recognized, there is nothing in the language of Section 2923.6 suggesting that it creates a private right of action for purported violations of its provisions. See, e.g., Owens v. Wells Fargo Bank, N.A.  2010 WL 424473 at *2 (N.D.Cal. 2010); Collins v. Power Default Services, Inc., 2010 WL 234902 at *2 (N.D.Cal. 2010); Glover v. Fremont Inv. and Loan, 2009 WL 5114001 at *7 (N.D. Cal. 2009); Reynoso v. Chase Home Finance, 2009 WL 5069140 at *4 -5  (N.D.Cal. 2009); Fimbres v. Chapel Mortg. Corp., 2009 WL 4163332, *14 (S.D. Cal. 2009);  Gaitan v. Mortgage Elec. Registration Sys., 2009 WL 3244729 at *7 (C.D.Cal. 2009); Lopez, 2009 WL 3233912 at *3;  Tapia, 2009 WL 2705853 at *2 (E.D.Cal. 2009); Anaya, 2009 WL 2424037 at *8;  Farner, 2009 WL 189025 at *2 (S.D.Cal. 2009); Paek v. Plaza Home Mortg., Inc., 2009 WL 1668576 at *3 (C.D.Cal. 2009); Alford v. Wachovia Bank/World Savings Bank, L  2009 WL 1615989 at *8 (S.D.Cal. 2009).  Because Section 2923.6 neither requires Defendant to offer or accept a modification to Plaintiff's loan nor authorizes a cause of action for borrowers who are not given loan modifications, Plaintiff's claim against Defendant under Section 2923.6 fails as a matter of law.   Because this defect cannot be cured, the claim is dismissed without leave to amend.

**IV. INJUNCTION**

Plaintiff's fourth cause of action seeks to enjoin the trustee's sale of the subject property. Defendant seeks to dismiss the fourth cause of action as an improper cause of action.

Under Federal law, an injunction is a remedy to another claim or cause of action and not a claim or cause of action in and of itself.  Lima v. American Home Mortg. Servicing, Inc., 2010 WL 144810 at *2 (N.D.Cal. 2010); see also Washington Toxics Coalition v. Environmental Protection Agency, 413 F.3d 1024, 1034 (9th Cir. 2005) (holding injunction is remedy for violation of the Endangered Species Act); Catholic Social Services, Inc. v. I.N.S., 182 F.3d 1053, 1062 (9th Cir. 1999) (stating injunction is remedy for claims against INS).   Similarly, under California law, a claim or cause of action for an injunction is improper because an injunction is a remedy, not a cause of action.   Shamsian v. Atlantic Richfield Co., 107 Cal.App.4th 967, 985

(2003); Roberts v. Los Angeles County Bar Ass'n, 105 Cal.App.4th 604, 618 (2003). Because an injunction is merely a remedy and it is not a cause of action, a cause of action must exist before injunctive relief may be granted. Tapia v. Aurora Loan Services, LLC, 2009 WL 2705853 at *3 (E.D.Cal. 2009). Thus, Plaintiff's purported cause of action for injunctive relief must be dismissed. However, the court will permit Plaintiff to amend the complaint to request injunctive relief as a remedy.

**ORDER**

For the reasons stated in the above memorandum opinion, the court ORDERS that:

1. Defendant Sand Canyon Corporation's, sued as Option One Mortgage Corporation, motion to dismiss is GRANTED;

2. The complaint is DISMISSED with leave to amend the complaint's TILA rescission claim, leave to amend the complaint's Section 2923.5 claim, and leave to seek an injunction as a remedy;

3. The complaint is DISMISSED without leave to amend the complaint's TILA damages claim, breach of fiduciary duty claim, and Section 2923.6 claim;

4. Any amended complaint SHALL be filed and served no later than May 25, 2010;

5. Plaintiff is advised that any amended complaint must be based upon a well-founded belief that a cognizable or arguable legal theory exists that would support the complaint's theory. See Fed.R.Civ.P. 11; and

6. Plaintiff is forewarned that failure to file an amended complaint will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:     April 27, 2010**                              /s/ Anthony W. Ishii
                                                            CHIEF UNITED STATES DISTRICT JUDGE