IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH CURTIS, an individual, )<br>  )<br>    Plaintiff, )<br>  )<br>    v. )<br>  )<br>OPTION ONE MORTGAGE CORP., a )<br>suspended California corporation, and )<br>DOES 1 though 50 inclusive, )<br>  )<br>    Defendant. )<br>_____) | 1:09-CV-1982 AWI SMS<br><br>ORDER VACATING JUNE 28, 2010 HEARING<br><br>ORDER REQUIRING PLAINTIFF TO DEFINE THE MEANING OF THE WORD "PROPERTIES" AS USED IN THE COMPLAINT BY JULY 2, 2010 |

**BACKGROUND**

On July 22, 2009, Plaintiff filed a complaint in the Superior Court of the State of California, County of Stanislaus.  On November 10, 2009, Defendant removed the complaint to the Eastern District of California, Fresno Division, because this court has federal question jurisdiction over the complaint pursuant to 28 U.S.C. § 1331.  On April 28, 2010, the court dismissed the complaint with leave to amend the complaint's TILA rescission claim.  The court found that to state a TILA rescission claim, Plaintiff needed to allege in the complaint that she is financially capable of tendering the loan proceeds.

On May 7, 2010, Plaintiff filed a first amended complaint ("complaint").  The complaint alleges a violation of TILA and seeks rescission.  The complaint alleges that: "Plaintiff is fully able and willing to tender performance of her obligations by tendering the subject properties as required under 15 U.S.C. § 1635(b)."

On May 20, 2010, American Home Mortgage Servicing, Inc. filed a motion to dismiss.[1] On May 21, 2010, Option One Mortgage Corporation filed a motion to dismiss. These Defendants contend that the complaint still does not allege Plaintiff is capable of tendering the loan proceeds. These motions are set for oral argument to be heard on June 28, 2010.

On June 3, 2010 and June 9, 2010, Plaintiff filed oppositions to the motions to dismiss. Plaintiff contends that because the complaint states she is capable and willing to tender the "properties", nothing more is required under TILA.

Defendants filed reply briefs. Defendants contend that Plaintiff must allege her financial ability to return the net loan proceeds received, and not the properties securing the loans.

## DISCUSSION

Plaintiff contends that she is entitled to rescission of her loans because Defendants failed to provide accurate material disclosures. Title 15 U.S.C. § 1635(b) provides that:

> When an obligor exercises his right to rescind . . . .under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. ***Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor.*** If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

15 U.S.C. § 1635(b) (emphasis added).

Plaintiff contends that she has stated a claim under Section 1625(b) because she is able and willing to tender the subject "properties". However, Plaintiff does not define what is meant

---

[1] This motion appears to be unnecessary as American Home Mortgage Servicing, Inc. is not named as a Defendant.

by the terms "properties" as used in the complaint.  It is unclear if "properties" refers to the real properties that secure the loans or the loan proceeds Plaintiff received from Defendants.  The court believes that a definition of the terms "properties" is necessary for the court to resolve the pending motions to dismiss.  Thus, the court will allow Plaintiff to specify her definition of term "properties" as used in the complaint.

**ORDER**

Accordingly, the court ORDERS that:

1. By July 2, 2010, Plaintiff SHALL file an amendment to the complaint that includes her definition of the term "properties" as used in paragraph 25 of the complaint;
2. The June 28, 2010 hearing date is VACATED; and
3. As of July 2, 2010, the court will take Defendants' motions to dismiss under submission and thereafter issue a decision.

IT IS SO ORDERED.

Dated: June 24, 2010

CHIEF UNITED STATES DISTRICT JUDGE

3