IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEBORAH CURTIS, an individual**, ) | 1:09-CV-1982 AWI SMS |
| ) | |
| Plaintiff, ) | **ORDER GRANTING** |
| ) | **DEFENDANT'S MOTION TO** |
| v. ) | **DISMISS** |
| ) | |
| **OPTION ONE MORTGAGE CORP.,** a ) | **(Documents #26 & #27)** |
| **suspended California corporation, and** ) | |
| **DOES 1 though 50 inclusive**, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## BACKGROUND

On July 22, 2009, Plaintiff filed a complaint in the Superior Court of the State of California, County of Stanislaus.  On November 10, 2009, Defendant removed the complaint to the Eastern District of California, Fresno Division, because this court has federal question jurisdiction over the complaint pursuant to 28 U.S.C. § 1331.  On April 28, 2010, the court dismissed the complaint with leave to amend the complaint's TILA rescission claim.  The court found that to state a TILA rescission claim, Plaintiff needed to allege in the complaint that she is financially capable of tendering the loan proceeds.

On May 10, 2010, Plaintiff filed a first amended complaint ("complaint").  The complaint alleges a violation of TILA and seeks rescission.  The complaint alleges that: "Plaintiff is fully able and willing to tender performance of her obligations by tendering the subject properties as required under 15 U.S.C. § 1635(b)."

On May 20, 2010, American Home Mortgage Servicing, Inc. filed a motion to dismiss.[1] On May 21, 2010, Option One Mortgage Corporation f/k/a/ Option One Mortgage Corporation filed a motion to dismiss. Defendants contend that the complaint still does not allege Plaintiff's ability to tender because the complaint does not allege that Plaintiff is capable of tendering loan's proceeds.

On June 3, 2010 and June 9, 2010, Plaintiff filed oppositions to the motions to dismiss. Plaintiff contends that because the complaint states she is capable and willing to tender the "properties", nothing more is required under TILA.

Defendants filed reply briefs. Defendants contend that Plaintiff must allege her financial ability to return the net loan proceeds received, and not the properties securing the loans.

On June 25, 2010, the court reviewed the pending motions to dismiss. The court found that a definition of the term "property", as used in the complaint, is necessary for the court to resolve the pending motions to dismiss. The court noted that it was unclear if by "property" Plaintiff is referring to the real properties that secure the loan or referring to the loan proceeds Plaintiff received from Defendants. The court ordered Plaintiff to file an amendment to the complaint that includes her definition of the term "properties" as used in the complaint.

On July 2, 2010, Plaintiff filed a brief defining the meaning of "properties" as used in the complaint. Plaintiff states that the word "properties" as used in the complaint and opposition briefs refers to the real properties that secure the loans, which are the real properties located at 2585 Carriage Court, Turlock, County of Stanislaus, California and 1634 Arlington Court, Turlock, County of Stanislaus, California.

**LEGAL STANDARD**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ.

---

[1] While not originally named as a Defendant in this action, on July 2, 2010 Plaintiff filed an amendment to the complaint that names American Home Mortgage Servicing, Inc. in place of Doe 1.

P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. <u>Johnson v. Riverside Healthcare Sys.</u>, 534 F.3d 1116, 1121 (9th Cir. 2008); <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. <u>Marceau v. Balckfeet Hous. Auth.</u>, 540 F.3d 916, 919 (9th Cir. 2008); <u>Vignolo v. Miller</u>, 120 F.3d 1075, 1077 (9th Cir. 1999). The court must also assume that general allegations embrace the necessary, specific facts to support the claim. <u>Smith v. Pacific Prop. and Dev. Corp.</u>, 358 F.3d 1097, 1106 (9th Cir. 2004). However, the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>In re Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1056-57 (9th Cir. 2008); <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001). Although legal conclusions may provide the framework of a complaint, they are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009); see also <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003). As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Iqbal</u>, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint

3

> pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

**ALLEGED FACTS**

This action concerns properties located at 2585 Carriage Court, Turlock, and 1634 Arlington Court, Turlock, both of which are located in the County of Stanislaus, State of California.

The complaint alleges that on or about November 2006, Plaintiff approached Defendant in regards to refinancing the property at 1634 Arlington Court, Turlock. Defendant represented it could provide a fixed rate loan with low monthly payments based upon Plaintiff's income. Plaintiff agreed to refinance 1634 Arlington Court, Turlock.

The complaint alleges that during the loan process, Defendant deceptively and fraudulently understated the Annual Percentage Rate (APR) by 2.358%, the finance charge and total payments by $315,633.03 and the payments schedule listed three payment changes instead of six payment changes. The complaint alleges that Plaintiff's income was falsified and the property value grossly overstated. The complaint alleges that "on or about December 20, 2009 [sic.], unaware of Defendant's deceptive and fraudulent actions, Plaintiff executed the refinance."

The complaint alleges that, less than a month later, Defendant approached Plaintiff about refinancing a second property, 2585 Carriage Court, Turlock, to be used as Plaintiff's primary residence. The complaint alleges that since Plaintiff was unaware of Defendant's deception and

fraudulent actions regarding the first refinance, Plaintiff agreed to refinance 2585 Carriage Court, Turlock.

The complaint alleges that Defendant deceptively and fraudulently understated the Annual Percentage Rate by .252%, the finance charge and total payments by $147,309.67, and the payments schedule misstated Plaintiff's payment amounts. In addition, the complaint alleges Plaintiff's income was falsified, and the property value grossly overstated.

The complaint alleges on or about February 1, 2007, unaware of Defendant's deceptive and fraudulent actions, Plaintiff executed the refinance.

The complaint alleges that on or about October 2008, in attempting to modify the refinance loans, Plaintiff discovered that Defendant had under disclosed Plaintiff's APR and financed an amount in a blatant violation of the Federal Truth in Lending Act (TILA).

The complaint alleges that Plaintiff brought this discrepancy to Defendant's attention in an attempt to modify the loans instead of having to institute her right to rescission. The complaint alleges Defendant refused to modify the loans with more favorable terms.

The complaint alleges that "Plaintiff is fully able and willing to tender performance of her obligations by tendering the subject properties as required under 15 U.S.C. § 1635." Plaintiff states that by "property" she is referring to the real properties that secure the loans.

## DISCUSSION

Plaintiff contends that Defendants violated TILA by understating Plaintiff's APR and by understating Plaintiff's finance charges on the loan. Plaintiff contends that she now exercises her right to rescission pursuant to 15 U.S.C.§ 1635(b) due to Defendants' breach. The complaint alleges that:"Plaintiff is fully able and willing to tender performance of her obligations by tendering the subject peroperties as required under 15 U.S.C. § 1635(b).

TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998). TILA also requires creditors to

"clearly and conspicuously disclose" borrowers' rights to rescind a home mortgage loan in accordance with regulations of the Federal Reserve Board. Jones v. E*Trade Mortg. Corp., 397 F.3d 810, 812 (9th Cir. 2005). The purpose of rescission under TILA is to return both parties to the status quo. Yamamoto v. Bank of New York, 329 F.3d 1167, 1172 (9th Cir. 2003). Title 15 U.S.C. § 1635(b) provides that:

> When an obligor exercises his right to rescind . . . .under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. ***Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor.*** If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

15 U.S.C. § 1635(b) (emphasis added).

The Ninth Circuit has held that "in applying TILA, 'a trial judge ha[s] the discretion to condition rescission on tender by the borrower of the property he had received from the lender.'" Yamamoto, 329 F.3d at 1171. This court has found that Plaintiff cannot state a claim for rescission under TILA unless she alleges that she is financially capable of tendering the loans proceeds. See, e.g., Gonzalez v. First Franklin Loan Services, 2010 WL 144862, *5 (E.D.Cal. 2010); Avina v. BNC Mortg., 2009 WL 5215751, *2 (N.D.Cal. 2009); Farmer v. Countrywide Financial Corp., 2009 WL 1530973, at *5 (C.D. Cal. 2009); Pagtalunan v. Reunion Mortgage Inc., 2009 WL 961995, at *3 (N.D. Cal. 2009); Garza v. American Home Mortg., 2009 WL 188604, at *5 (E.D. Cal. 2009).

Defendants contend that the complaint is subject to dismissal because Plaintiff has still not alleged she is financially capable of tendering the loans proceeds. In response, Plaintiff contends

6

that she has stated a claim under Section 1625(b) because she is able and willing to tender the properties. Plaintiff admits that by "properties" she is referring to the real property that secures the loans. Thus, the issue is whether tendering the real property that secure loans satisfies Section 1625(b).

Cases discussing what must be tendered pursuant to Section 1625(b) have specifically referred to a plaintiff's need to allege an ability to tender loan proceeds. See Almunir v. Aurora Loan Service, LLC, 2010 WL 2106278, at *4 (E.D.Cal. 2010). "Property" as used in Section 1625(b) refers to whatever was received from the defendants. See Yamamoto, 329 F.3d at 1171 (stating borrower must tender property he received from lender). For example, in Semar v. Platte Valley Federal Sav. & Loan Ass'n, 791 F.2d 699 (9th Cir. 1986), the plaintiff received a monetary loan from the defendants. When discussing rescission under Section 1625(b), the Ninth Circuit stated that upon "rescission, the security interest is dissolved and the borrower returns 'the property' -in this case the loan proceeds- to the lender." Semar, 791 F.2d at 705. Thus, in Semar, the Ninth Circuit defined "property" as used in Section 1625(b) to be the loan proceeds and not the real property that may secure a loan.

In addition, the language of Section 1635(b) implies that the term "property" is whatever the obligor received from the creditor. Section 1635(b) requires the obligor to tender the property and requires the creditor to take any action necessary to reflect the termination of any security interest created under the transaction. Because the real property secures the loan but is not the property actually received from Defendants, Plaintiff must tender what she actually received – the loan proceeds – and Defendants must take any actions necessary to reflect the termination of the security interest. The security interest are the deeds of trust on the real properties.

Plaintiff must return to Defendants the property she received. In this action, the property Plaintiff received is the loan proceeds and not the real property, or anything else, that secures the loans. Plaintiff has alleged her willingness to provide Defendants with only the real property

securing her loan.  However, this is not what Section 1635(b) requires.  Section 1635(b) requires Plaintiff to return the loans' proceeds.  Plaintiff's repeated failure to allege an ability to return the loans' proceeds requires the court to find Plaintiff is unable or unwilling to return the loan proceeds.  As such, Plaintiff has not alleged she is financially capable of tendering the property.  Thus, Plaintiff's TILA recession claim, brought under Section 1625(b), must be dismissed.[2]

**ORDER**

Accordingly, Defendants' motions to dismiss the complaint are GRANTED, the complaint is DISMISSED without prejudice, and the Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

Dated:     July 21, 2010

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The court recognizes that leave to amend should ordinarily be granted when the court finds that a complaint fails to state a claim.  Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996).  However, leave to amend is not required if the court determines that the pleading could not possibly be cured by the allegation of other facts. Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001).  Here, Plaintiff has already filed an amended complaint and has still not provided the necessary allegations.  Thus, no further leave to amend will be given.